ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| MIGDALIA FUENTES RUIZ<br><br>Recurrida<br><br><br><br>EX PARTE | KLCE202400646 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.:<br><br>AG2024CV00585<br><br>Sobre:<br><br>Autorización Judicial |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece la Oficina del Procurador General de Puerto Rico, en representación del Ministerio Público, a través de la Procuradora de Asuntos de Familia (Procuradora o Peticionaria), mediante el presente recurso de *certiorari*, y solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI o foro primario) el 6 de mayo de 2024 y notificada el mismo día. Mediante el referido dictamen, el TPI resolvió continuar los procedimientos al concluir que se solicita una Autorización Judicial y no una Partición Hereditaria.

Por los fundamentos que exponemos a continuación, procedemos a **denegar** la expedición del recurso ante nuestra consideración.

-I-

La controversia ante nos tiene su génesis el **17 de abril de 2024** con la presentación de una *Petición* de

Número Identificador

RES2024_____

Autorización Judicial por parte de la Sra. Migdalia Fuentes Ruiz (señora Fuentes Ruiz o Recurrida). Compareció como tutora de la persona y los bienes del Sr. Samuel Fuentes Ruiz, quien fue declarado incapaz mental. Alegó que el incapaz es dueño junto a sus diez hermanos de una participación indivisa de una propiedad en San Sebastián. De ser aprobada la solicitud por el Tribunal, la Recurrida se propone vender la propiedad, libre de toda carga o gravamen.[1]

Surge de la *Petición* que los titulares recibieron una oferta menor a la tasación para comprar la propiedad. Por tanto, todos los titulares aceptaron que al incapaz se le consigne su participación por el valor de la tasación ($8,818.00), y que el sobrante de la compraventa sea dividido entre los demás comuneros. Para evitar un posible conflicto de interés entre ella y el incapaz, la Peticionaria expuso que es necesario que se nombre un defensor judicial.[2]

El **19 de abril de 2024** el foro primario emitió una *Orden*, notificada ese mismo día, sobre la designación de un defensor judicial. Ordenó que se propusiera alguno hábil.[3]

Por otro lado, la Peticionaria presentó su *Informe Fiscal* el **23 de abril de 2024**. En este consignó que para perfeccionar la *Petición* era necesario que se proveyeran documentos adicionales.[4]

El **25 de abril de 2024,** el foro primario dictó una *Orden,* notificada en la misma fecha. Mediante esta, el TPI ordenó a la Recurrida a cumplir con lo requerido por

---

[1] Apéndice del Recurso, págs. 1-4.
[2] Íd.
[3] Íd., pág. 5.
[4] Íd., págs. 6-7.

la Peticionaria y a identificar a un familiar sin interés en lo peticionado para actuar como defensor judicial.[5]

Insatisfecha, la Recurrida presentó una *Reconsideración de Orden* al otro día. Alegó que solo procedía presentar la certificación registral y la tasación reciente que solicitaba la Peticionaria.[6]

El **30 de abril de 2024**, la Peticionaria se opuso. Sostuvo que se requiere conocer la totalidad del caudal hereditario y el consentimiento expreso de todos los herederos.[7] En respuesta, la Recurrida presentó una *Réplica a Moción* e insistió en que la Procuradora solicitaba información innecesaria.[8]

Finalmente, el **6 de mayo de 2024**, el foro primario dictó una *Resolución*, notificada el mismo día. Dispuso que continuará los procedimientos.[9] La Peticionaria presentó una *Reconsideración*. Sostuvo que las planillas del caudal relicto sirven para conocer si existen otros bienes hereditarios en el caudal de los causantes. Además, adujo que es necesario conocer si existen deudas del caudal para proteger al incapaz y añadió que se desconoce quiénes son los herederos.[10]

El foro primario emitió una *Resolución* en la que ordenó a la Recurrida a exponer fundamento para que el Tribunal no acogiera la moción de reconsideración el **14 de mayo de 2024**, notificada al día siguiente.[11] La Recurrida compareció mediante moción titulada *Cumplimiento de Orden*. Sostuvo que la Peticionaria intentaba prevaler dilatando el procedimiento con

---

[5] Íd., pág. 8.
[6] Apéndice del Recurso, págs. 9-39.
[7] Íd., págs. 41-42.
[8] Íd., págs. 43-47.
[9] Íd., págs. 48-49.
[10] Íd., págs. 50-55.
[11] Íd., págs. 56-57.

planteamientos improcedentes en derecho, y que sus requerimientos podían frustrar la transacción para la cual se solicita la autorización.[12]

Además, el **16 de mayo de 2024,** la Recurrida presentó otra moción titulada *Cumplimiento de Orden Sobre Defensor Judicial.* Allí propuso tres personas que estaban disponibles para asumir la responsabilidad de ser defensor judicial del incapaz.[13]

Al día siguiente, mediante *Orden* notificada el 20 de mayo de 2024, el TPI calendarizó vista para el 12 de junio de 2024 y requirió designar a una persona sin interés para que sea defensor judicial del incapaz.[14]

Así las cosas, el **22 de mayo de 2024,** la Recurrida sometió una moción titulada *Notificación Defensor Judicial,* notificando al Sr. Eddie N. Guerra Sánchez como defensor del incapaz en el procedimiento. [15]

Por otra parte, el **24 de mayo de 2024** la Peticionaria presentó una *Moción en Solicitud de Remedio.* Allí, solicitó que el tribunal resolviera la *Reconsideración* presentada.[16]

En respuesta, el **28 de mayo de 2024,** la recurrida presentó un *Escrito Informativo.* La Recurrida adujo que señalar la vista tenía el efecto de declarar no ha lugar la reconsideración.[17] Ese mismo día, el TPI emitió una *Resolución* en la que aceptó al Sr. Eddie N. Guerra Sánchez como defensor judicial.[18] También, emitió una

---

[12] Apéndice del Recurso, págs. 58-61.
[13] Íd., pág. 62.
[14] Íd., págs. 63-64.
[15] Íd., pág. 65.
[16] Íd., págs. 66-67.
[17] Íd., págs. 68-69.
[18] Apéndice del Recurso, págs. 70-71.

*Resolución* disponiendo "No Ha Lugar" la *Reconsideración* presentada por la Peticionaria.[19]

Inconforme aún, el **1 de junio de 2024**, la Peticionaria compareció ante esta Curia y expuso el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al no requerir a la parte recurrida que presente los documentos solicitados por la Procuradora de Asuntos de Familia, los cuales son esenciales para establecer la necesidad y conveniencia para el incapaz de la venta de la propiedad objeto del procedimiento sobre autorización judicial.

Tras varios trámites procesales, el **18 de junio de 2024**, la Recurrida presentó una *Oposición a la Expedición del Auto de Certiorari.*

Resumidos los hechos que originan la presente controversia, examinemos el derecho aplicable.

-II-

A. Certiorari

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[20] Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[21] Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción".[22] Asimismo,

---

[19] Íd., págs. 72-73.
[20] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 2020 TSPR 104, 205 DPR 163 (2020), *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).
[21] *Negrón v. Secretario de Justicia,* 154 DPR 79, 91 (2001).
[22] *García v. Padró*, 165 DPR 324, 334 (2005).

la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa.[23] Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta.[24] Esto, por razón de que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría un abuso de discreción.

**B. Regla 40 del Reglamento del Tribunal de Apelaciones**

La Regla 40 de nuestro Reglamento[25], establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. La aludida regla establece lo siguiente:

> **El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:**
>
> **(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.**
>
> **(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.**
>
> **(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.**
>
> **(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.**

---

[23] *Id.,* a las págs. 334-335.
[24] *Id.,* a la pág. 335.
[25] 4 LPRA Ap. XXII-B.

**(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.**

**(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.**

**(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[26]**

Este Tribunal solo puede intervenir con el ejercicio de la discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con perjuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo.[27] Si bien es cierto que determinar si un tribunal ha abusado de su discreción no es tarea fácil, ello ciertamente está relacionado de forma estrecha con el concepto de razonabilidad.

-III-

En síntesis, la Peticionaria aduce que erró el TPI al no requerir a la parte Recurrida que presentara los documentos solicitados por la Procuradora de Asuntos de Familia. La Peticionaria entiende que los referidos documentos son esenciales para establecer la necesidad y conveniencia para el incapaz de la venta de la propiedad objeto del procedimiento sobre autorización judicial. Luego de llevar a cabo un examen minucioso del recurso ante nos, y de revisar los criterios de la Regla 40, *supra,* concluimos que no existen razones que

---

[26] 4 LPRA Ap. XXII-B, R. 40.
[27] *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

justifiquen nuestra intervención con la determinación recurrida.

Como tribunal revisor, solo debemos intervenir con las determinaciones interlocutorias del foro primario cuando se demuestre que este último actuó con prejuicio, parcialidad, con craso abuso de su discreción o se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Determinamos que el TPI no abusó de su discreción mediante la *Resolución* emitida.

**-IV-**

Por los fundamentos antes expuestos se **deniega** el recurso de *certiorari*.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*